UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
:
INTERNATIONAL ASSOCIATION OF :
BRIDGE, STRUCTURAL, ORNAMENTAL :
AND REINFORCING IRON WORKERS : 20 Civ. 4979 (LGS)
UNION LOCAL 361 and TRUSTEES of the :
IRON WORKERS LOCALS 40, 361 & 417 : ORDER
UNION SECURITY FUNDS, :
                               Plaintiffs :
:
               -against- :
:
LOW-BID INC., PREMIER STEEL INC., J. :
MCNULTY ENTERPRISES and GEORGE T. :
MCNULTY, :
                            Defendants. :
-------------------------------------------------------------X

LORNA G. SCHOFIELD, District Judge:

      WHEREAS, Defendant George T. McNulty was allegedly served on June 9, 2020 (Dkt. No. 14).

      WHEREAS, an answer was due "within 21 days after being served with the summons and complaint," (Fed. R. Civ. P. 12(a)(1)(A)(i)), but no such answer was filed.

      WHEREAS, on August 18, 2020, the Clerk of Court entered a certificate of default (Dkt. No. 22).

      WHEREAS, on August 9, 2021, Plaintiffs filed a motion for default judgment and supporting papers (Dkt. No. 71).

      WHEREAS, on August 23, 2021, the Court issued an order to show cause why default judgment should not be entered and set a hearing for September 23, 2021 (Dkt. No. 72).

      WHEREAS, on September 23, 2021, Defendant McNulty attempted to appear at the show cause hearing, and subsequently filed a letter explaining why he was unable to appear at the hearing (Dkt. No. 84).

      WHEREAS, pursuant to Federal Rule of Civil Procedure 55(c) a "court may set aside an

entry of default for good cause." Fed. R. Civ. P. 55(c).  Courts consider the following factors in determining whether good cause exists: "(1) whether the default was willful; (2) whether setting aside the default would prejudice the adversary; and (3) whether a meritorious defense is presented." *Enron Oil Corp. v. Diakuhara*, 10 F.3d 90, 96 (2d Cir. 1993); *accord G&G Closed Circuit Events, LLC v. Shahzad*, No. 20 Civ. 7487, 2021 WL 1163824, at *1 (S.D.N.Y. Mar. 26, 2021).  It is hereby

**ORDERED** that the Certificate of Default is **set aside and vacated**, based on the Court's finding that Defendant McNulty has shown good cause for doing so.  This finding is based on the fact that Defendant McNulty has made various efforts to participate in this proceeding, including appearing at previous conferences.  Defendant McNulty made several attempts to appear at the September 23, 2021, show cause hearing, and contacted chambers in an effort to make an appearance during the hearing after experiencing technical difficulties.  Defendant McNulty, who is not represented and has no legal training, appears to have not understood his legal obligation to file on the court docket an answer or other response to the Complaint.  For these reasons, the Court finds good cause for setting aside and vacating the Certificate of Default.  It is further

**ORDERED** that, by **November 23, 2021**, Defendant McNulty shall answer, move or otherwise respond to the Complaint, or shall seek an extension of time to respond.

A separate referral order will issue.

Dated: September 28, 2021
New York, New York

_____
**LORNA G. SCHOFIELD**
**UNITED STATES DISTRICT JUDGE**