USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: __7/14/22__

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

INTERNATIONAL ASSOCIATION OF
BRIDGE, STRUCTURAL, ORNAMENTAL
AND REINFORCING IRON WORKERS
UNION LOCAL 361, et al.,

         Plaintiffs,

-against-

GEORGE T MCNULTY,

         Defendant.

20-CV-4979 (LGS) (BCM)

**ORDER**

**BARBARA MOSES, United States Magistrate Judge.**

    The parties were due in court today at 10:00 a.m. for a status conference. (Dkt. No. 107 ¶ 8.) At approximately 9:20 this morning, Chambers contacted the parties by email to advise that the conference would commence at 10:30 rather than 10:00. *Pro se* defendant McNulty then telephoned chambers, stating that he had requested an adjournment until October, that plaintiff had agreed to it, and therefore that he would not appear today.

    There is no adjournment request on the docket of this action. Nor did the Court issue any adjournment order.

    At 10:30 a.m., plaintiffs' counsel, Damien O. Maree, appeared for the conference. Attorney Maree advised the Court's staff that he had agreed only to a "brief" adjournment of the conference (not an adjournment until October), and that in the absence of any Court order adjourning today's conference he had appeared as scheduled.

    After investigation, the Court learned that the following occurred:

    On July 11, 2022, defendant McNulty sent an email to temporary_pro_se_filing@nysd.courts,gov, to which he attached an unsigned letter, **in Word format**, stating that the parties had "agreed to an adjournment looking for dates any time in October 2022." Although the unsigned letter in Word format bore a typed "cc" notation to attorney

Maree, the July 11 email itself did not include any "cc's." It is thus not clear to the Court whether Mr. Maree ever saw the unsigned letter in Word format.

The unsigned letter in Word format was not docketed because it did not comply with this Court's Instructions for Filing Documents by Email,[1] which state, in relevant part:

- SIGN. You must **sign** your document by either signing the document **before you scan it** or typing "/s/ [Your Name]." The Court will accept typed signatures in this format.

- EMAIL the **PDF document** to Temporary_Pro_Se_Filing@nysd.uscourts.gov. (Emphases added.)

Consequently, the Court was unaware that any adjournment request was made.

Both parties receive instant notification whenever a letter or other filing is docketed, and whenever the Court grants an adjournment or issues any other written order.[2] In this case, neither party received any notification that McNulty's letter was docketed or that the conference was adjourned.  The Court surmises that McNulty never checked the docket or otherwise followed up on his adjournment request.

In light of these events, it is hereby ORDERED as follows:

1. The status conference scheduled for today is ADJOURNED to **October 4, 2022, at 10:00 a.m.**, in Courtroom 20A of the Daniel Patrick Moynihan United States Courthouse. The parties' updated joint status letter (*see* Dkt. No. 107 ¶ 8) is due no later than **September 27, 2022**.

2. Defendant McNulty is reminded that it is his obligation to comply with all Court rules, procedures, and deadlines, and to appear for all scheduled conferences and other proceedings.  It is also his obligation to inform himself as to the status of any requests he had made or believes he has made. He may review the Court's electronic docket at any time through PACER

---

[1] *Available at* https://nysd.uscourts.gov/forms/instructions-filing-documents-email.

[2] Although defendant is *pro se*, he signed up for electronic service via ECF. (Dkt. No. 108.)

or by visiting the Courthouse. Should McNulty once again fail to appear without excuse for a scheduled Court proceeding, the Court may impose sanctions, including but not limited to the opposing party's attorneys' fees and other expenses incurred in preparing for and attending the proceeding.

        3.      If he has not done so already, defendant McNulty shall serve his automatic disclosures pursuant to Fed. R. Civ. P. 26(a)(1), and respond to plaintiffs' initial request for the production of documents, no later than **July 29, 2022**. Should he fail to do so, the Court may impose sanctions, including but not limited to the opposing party's attorneys' fees and other expenses incurred in compelling discovery compliance or as a result of defendants' delay.

Dated: New York, New York
       July 14, 2022

                            **SO ORDERED**.

                            _____
                            **BARBARA MOSES**
                            **United States Magistrate Judge**