UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

INTERNATIONAL ASSOCIATION OF
BRIDGE, STRUCTURAL, ORNAMENTAL
AND REINFORCING IRON WORKERS
UNION LOCAL 361, et al.,

        Plaintiffs,

-against-

GEORGE T MCNULTY,

        Defendant.

20-CV-4979 (LGS) (BCM)

**ORDER**

**BARBARA MOSES, United States Magistrate Judge.**

    In his response to this Court's August 30, 2022 Order to Show Cause (OSC) (Dkt. 116), defendant McNulty states that after a conversation with plaintiffs' counsel Damien Maree on March 29, 2022, he "honestly thought," *see* McNulty Decl. (Dkt. 119) ¶ 6, that he was not required to serve his automatic disclosures pursuant to Rule 26(a)(1), which were then due April 12, 2022 (*see* Dkt. 107 ¶ 2) or serve a written response to plaintiffs' document production requests in accordance with Rule 34(b), which makes that response due 30 days after service of the requests. McNulty adds that it was not until he received the OSC, and spoke to an attorney friend, that he "realize[d] that [he] still needed to serve a formal written response to any discovery demands, and also a Rule 26 Initial Disclosures." McNulty Decl. ¶ 8

    Defendant's explanation is not plausible. On June 2, 2022 – well after the March 29 conversation he describes – McNulty spoke again with attorney Maree, to discuss "Mr. McNulty's failure to make discovery." Maree Ltr. dated August 29, 2022 (Dkt. 115) at 1. McNulty asked for another copy of plaintiffs' Rule 26(a)(1) disclosures and plaintiff's document requests, which Maree sent him that day, by email. *Id*. Some six weeks later, on July 14, 2022 – after McNulty failed to appear at a long-scheduled status conference in this matter – the Court adjourned the conference to October 4, 2022, reminded McNulty "that it is his obligation to comply with all

Court rules, procedures, and deadlines, and to appear for all scheduled conferences and other proceedings," and expressly directed him to "serve his automatic disclosures pursuant to Fed. R. Civ. P. 26(a)(1), and respond to plaintiffs' initial request for the production of documents, no later than July 29, 2022." Order dated July 14, 2022 (July 14 Order) (Dkt. 114) ¶¶ 2, 3. The Court warned: "Should [McNulty] fail to do so, the Court may impose sanctions, including but not limited to the opposing party's attorneys' fees and other expenses incurred in compelling discovery compliance or as a result of defendants' delay." *Id*. ¶ 3.[1]

McNulty's OSC response does not mention his June 2 conversation with attorney Maree *or* this Court's July 14 Order – *either* of which, standing alone, was more than sufficient to disabuse him of any mistaken notion that he was not required to serve automatic disclosures or written discovery responses. Notwithstanding McNulty's *pro se* status, therefore, the Court is not persuaded that his continued flouting of his discovery obligations was an honest mistake. The Court further notes that this is not the first time it has taken extraordinary measures – including a threat of default – to compel McNulty to do that which he was required to do months earlier. *See, e.g.*, Dkts. 56, 88, 97 (ordering McNulty to answer, move, or otherwise respond to the Complaint); Dkt. 102 (giving McNulty a *fourth* deadline to answer, move, or otherwise respond to the Complaint, on pain of default).

McNulty is reminded that the July 14 conference which he failed to attend has been rescheduled to **October 4, 2022, at 10:00 a.m**., in Courtroom 20A of the Daniel Patrick Moynihan United States Courthouse. July 14 Order ¶ 1. The parties' updated joint status letter is due no later than **September 27, 2022**. *Id*. At the conference, the Court will consider what sanction is appropriate to redress McNulty's repeated violations of its orders. If as a result of McNulty's delays

---

[1] McNulty signed up to receive Court orders and other filings electronically. *See* Dkt. 108. Notice is therefore not an issue.

plaintiffs require an extension of any of the discovery or pretrial deadlines now in effect (*see* Dkt. 107), plaintiffs shall include their proposed revised schedule in the joint status letter.

Dated: New York, New York
September 8, 2022

**SO ORDERED**.

_____
**BARBARA MOSES**
**United States Magistrate Judge**